(4 App. Div. 509)

WARSAW WATERWORKS CO. v. VILLAGE OF WARSAW et al.

(Supreme Court, Appellate Division, Fourth Department. April, 1896.)

INJUNCTION—WHEN CONTINUED PENDENTE LITE.

    An injunction will not be continued pendente lite where all the equities of the complaint are denied in the answer, and plaintiff's right to the ultimate relief sought is not established.

Appeal from special term, Erie county.

Action by the Warsaw Waterworks Company against the village of Warsaw and others to enjoin defendants from removing hydrants from mains of plaintiff, a corporation organized under Laws 1869, c. 394, for the purpose of supplying water to defendant village. Defendants claim to be authorized to do the acts complained of by Laws 1875, c. 181, entitled "An act to authorize villages of the state of New York to furnish pure and wholesome water to the inhabitants thereof." From an order vacating a temporary injunction, plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Eugene M. Bartlett, for appellant.

I. Sam Johnson and Adelbert Moot, for respondents.

FOLLETT, J. On the 17th of November, 1895, a temporary injunction was granted by a justice of this court restraining the defendant "from removing any hydrants from plaintiff's mains, threatening any of its customers with discriminating taxes, or soliciting any of its patrons to disconnect their service pipes from this plaintiff's mains, or disconnecting any such service pipes, or in any manner interfering with this plaintiff's exercise or enjoyment of its rights, privileges, and franchises." Upon a motion made at special

term in December, 1895, this injunction was vacated, and the plaintiff appeals to this court.

The questions involved in this action cannot be satisfactorily decided until the issues of fact have been tried and determined, and we ought not and will not attempt to define and settle the ultimate rights of the litigants on affidavits, and, without expressing any opinion upon the questions involved, further than to say that the rights asserted by the plaintiff as the foundation for the relief sought are not so clearly established in the affidavits as to authorize this court to restore and continue the injunction pendente lite. It is conceded that the hydrants which were purchased by the defendants and attached to the plaintiff's line of water pipes have been removed by the defendants, and, it not being clearly established that the defendants have threatened or now threaten to do any of the things restrained by the original injunction order, it should not be restored. Besides, all of the equities of the complaint are denied in the answer, and in such a case an injunction pendente lite will not be continued where the plaintiff's right to the ultimate relief sought is not clearly established.

The order is affirmed, with $10 costs and printing disbursements. All concur, except WARD, J., not voting.